IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CT-3233-FL

| | | |
|---|---|---|
| ALEXANDER LEE SIMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ERNIE COLEMAN and LT. KATHRYN BRYAN, | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion for summary judgment (DE 17) pursuant to Federal Rule of Civil Procedure 56. Plaintiff did not respond to the motion. For the reasons that follow, the court grants the motion.

## STATEMENT OF THE CASE

Plaintiff, a state pretrial detainee proceeding pro se, commenced this action by filing complaint on October 4, 2017, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants Ernie Coleman ("Coleman"), the Beaufort County, North Carolina Sheriff, and Lieutenant Kathryn Bryan ("Bryan"), the Beaufort County Detention Center administrator, refused to provide adequate space and opportunity for physical exercise in violation of the Fourteenth Amendment to the United States Constitution. Plaintiff seeks monetary relief and an injunction directing detention center officials to change official policy for detainee exercise.

On May 16, 2018, the court conducted its frivolity review of the complaint and allowed the action to proceed. On July 23, 2018, the court entered case management order governing discovery

and pretrial dispositive motions practice.

On January 4, 2019, defendants filed the instant motion for summary judgment, relying upon memorandum of law, statement of material facts, and the following: 1) declaration of defendant Bryan, and 2) plaintiff's medical records. That same day, pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), the court provided plaintiff notice of his right to respond to defendants' motion. Plaintiff, however, did file response to the motion. On July 24, 2019, defendants filed notice of subsequently decided authority, pursuant to Local Civil Rule 7.1(h).

## STATEMENT OF THE FACTS

The undisputed facts[1] may be summarized as follows.

Defendant Coleman is the elected Sheriff of Beaufort County, and defendant Bryan is a deputy sheriff in Beaufort County, who holds the position of jail administrator. (DE 18 ¶¶ 1-2). Plaintiff was a pretrial detainee housed at the Beaufort County Detention Center from December 20, 2016, to January 11, 2018. (Id. ¶ 3).

Plaintiff was housed in four different cell blocks while incarcerated at the Beaufort County Detention Center: B-Block, G-Block, D-Block, and H-Block. (Id. ¶ 4). B-Block has two cells that open into a long day room. (Id. ¶ 6; see also Bryan Decl. (DE 19-1) ¶ 11). The day room in B-Block is approximately 14 feet long and 3 feet, 7 inches wide, and it is accessible to detainees 18 hours per day. (DE 18 ¶¶ 7, 8; Bryan Decl. (DE 19-1) ¶ 11). The cells in B-Block are

---

[1] Plaintiff did not respond to the instant motion or submit a verified complaint. Plaintiff therefore did not submit any verified evidence in support of his claims or disputing defendants' statement of material facts. Accordingly, defendants' evidence is undisputed. Additionally, pursuant to Local Civil Rule 56.1(a)(1)(2), a memorandum opposing a motion for summary judgment must be supported by a separate statement of material facts that includes response to each numbered paragraph in the moving party's statement. "Each numbered paragraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted . . . in the opposing statement." Local Civil Rule 56.1(a)(2).

approximately 4 feet long and 3 feet wide. (DE 18 ¶¶ 9-10; Bryan Decl. (DE 19-1) ¶ 11).

G-Block is the Beaufort County Detention Center's segregation unit. (DE 18 ¶ 11; Bryan Decl. (DE 19-1) ¶ 11). The G-Block has two cells that open into a day room, which is 4 feet, 11 inches long, and 4 feet wide. (DE 18 ¶¶ 13-14; Bryan Decl. (DE 19-1) ¶ 12). The G-Block cells only house one detainee, and have open floor space, excluding the bunk, that is 4 feet long, and 2 feet, 9 inches wide. (DE 18 ¶ 15; Bryan Decl. (DE 19-1) ¶ 12).

H-Block has two cells that open into a long day room, accessible to detainees at least 18 hours per day. (DE 18 ¶¶ 16-17; Bryan Decl. (DE 19-1) ¶ 13). The H-Block day room is 18 feet, 8 inches long, and 8 feet, 6 inches wide. (DE 18 ¶ 18; Bryan Decl. (DE 19-1) ¶ 13). The cells in H-Block have open floor space between the bunks that is 8 feet, 2 inches long and 5 feet, 10 inches wide. (DE 18 ¶ 19; Bryan Decl. (DE 19-1) ¶ 13).

D-Block has three cells that also open into a long day room, accessible to detainees 18 hours per day. (DE 18 ¶¶ 20-21; Bryan Decl. (DE 19-1) ¶ 14). The D-Block day room is 28 feet, 8 inches long, and 6 feet, 6 inches wide. (DE 18 ¶ 22; Bryan Decl. (DE 19-1) ¶ 14). The cells in D-block have open floor space between the bunks that is 7 feet long and 5 feet, 10 inches wide. (DE 18 ¶ 23; Bryan Decl. (DE 19-1) ¶ 23).

Beaufort County Detention Center policy provides that detainees are allowed and encouraged to exercise in the day room areas. (DE 18 ¶ 24; Bryan Decl. (DE 19-1) ¶ 24). Defendant Bryan testified that detainees in the B-Block, H-Block, and D-Block routinely use the day rooms for exercise. (Bryan Decl. (DE 19-1) ¶ 17). The detainees, however, are not permitted any outside recreation. (DE 18 ¶ 28).

During plaintiff's pretrial detention at the Beaufort County Detention Center, he was housed

3

for approximately nine days in the G-Block segregation unit, which has the most restrictive exercise area. (Id. ¶ 5; Bryan Decl. (DE 19-1) ¶ 10). At all other times, plaintiff was housed in the cell blocks with the larger day rooms. (DE 18 ¶¶ 4, 5). On April 3, 2017, while housed in H-Block, plaintiff requested a medical appointment because he was having leg pain. (DE 18 ¶ 29; Bryan Decl. Ex. A (DE 19-1) at 7).[2] The medical provider's notes state that plaintiff reported "excessive exercise" over the past weekend. (DE 18 ¶ 30, Bryan Decl. Ex. B (DE 19-1) at 9).

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the

---

[2] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

4

non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.  Analysis

Because plaintiff was a pretrial detainee during the relevant time period, his claim alleging defendants failed to provide adequate opportunity and space fo physical exercise arises under the Due Process Clause of the Fourteenth Amendment. Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). However, the Due Process Clause standard for evaluating challenges to conditions of confinement is the same as the Eighth Amendment analysis applicable to convicted prisoners. See

Brown v. Harris, 240 F.3d 383, 388-89 (4th Cir. 2001); Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001).[3] Thus, a pretrial detainee challenging conditions of confinement must establish, among other things, "a serious deprivation of a basic human need . . . ." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation omitted). "To satisfy [this] 'objective' prong, a plaintiff inmate must 'demonstrate that the deprivation alleged was, objectively, sufficiently serious.'" Porter v. Clarke, 923 F.3d 348, 355 (4th Cir. 2019), as amended (May 6, 2019) (quoting Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016)). And "to be 'sufficiently serious,' the deprivation must be 'extreme' – meaning that it poses a 'serious or significant physical or emotional injury resulting from the challenged conditions,' or 'a substantial risk of serious harm resulting from . . . exposure to the challenged conditions.'" Id. (quoting Scinto, 841 F.3d at 225); see also De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). "[C]omplete deprivation of exercise for an extended period of time" is a serious deprivation of a basic human need. See Mitchell v. Rice, 954 F.2d 187, 191 (4th Cir. 1992).

Here, because plaintiff failed to respond to the motion for summary judgment, he has presented no evidence showing that he was deprived of exercise. Plaintiff, for example, does not contest defendants' evidence that he was able to exercise inside the detention center for approximately 18 hours per day. In fact, the undisputed record evidence shows plaintiff reported

---

[3] The current law in this circuit is that a pretrial detainee also must establish a subjective component of the claim, satisfied by showing defendant was deliberately indifferent to a known risk of harm. See Brown, 240 F.3d at 388-89, Young, 238 F.3d at 575. In Kingsley v. Hendrickson, the United States Supreme Court held that a pretrial detainee's excessive force claim must be analyzed under "solely an objective" standard. 135 S. Ct. 2466, 2473 (2015). Several circuit courts of appeals have held Kingsley's "solely objective" standard also applies to pretrial detainee claims challenging conditions of confinement, thereby abrogating the subjective deliberate indifference standard that previously governed such claims. See Hardeman v. Curran, __ F.3d __, 2019 WL 3774128, at *4-5 (7th Cir. 2019); Darnell v. Panner, 849 F.3d 17, 35-36 (2d Cir. 2017); Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (en banc), cert denied, 137 S. Ct. 831 (2017). The United States Court of Appeals for the Fourth Circuit has not addressed the issue. Here, as set forth above, plaintiff has not established the objective component of his claim, and thus it is not necessary to address the subjective deliberate indifference standard.

he engaged in "excessive" exercise on one occasion. (DE 18 ¶ 30, Bryan Decl. Ex. B (DE 19-1) at 9). Accordingly, plaintiff has not established a deprivation of a basic human need. See Strickler, 989 F.2d at 1382 ("We have previously held, for example, that there was no unconstitutional deprivation of the need for exercise where there was access to a day room eighteen hours each day."); Clay v. Miller, 626 F.2d 345, 347 (4th Cir. 1980) (affirming grant of summary judgment on Eighth Amendment exercise claim where "[t]here has been no showing that [the plaintiff's] mental or physical health was threatened as a result of not being provided more space or facilities than that provided by the day room area.").

Plaintiff's complaint cites a state administrative regulation requiring the North Carolina Department of Public Safety to provide inmates with opportunity to exercise three times a week. Even assuming that this regulation is relevant to the Eighth Amendment analysis, plaintiff has not disputed defendant's evidence that he was able to exercise 18 hours a day, seven days a week, with the exception of one nine-day period when he was in the segregation block. For the reasons set forth above, plaintiff has failed to establish defendant's provision of the day room for exercise violated his Fourteenth Amendment rights.

## CONCLUSION

Based on the foregoing, the court GRANTS defendants' motion for summary judgment (DE 17). The clerk is DIRECTED to close this case.

SO ORDERED, this the 11th day of September, 2019.

LOUISE W. FLANAGAN
United States District Judge